

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 12, 2025.**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 25-11334-SMR** |
| | § | |
| **MEANDERING BEND, LLC,** | § | |
| | § | |
| **DEBTOR.** | § | **CHAPTER 7** |

**ORDER DENYING DEBTOR'S**
**MOTION FOR RECONSIDERATION OF THE COURT'S**
**ORDER COVERTING CASE TO A CASE UNDER CHAPTER 7**
**(Relates to ECF No. 72)**

On August 26, 2025, the United States Trustee (the "UST") filed a *Motion to Dismiss or Convert Case* (the "Motion to Dismiss") at ECF No. 23.

On September 2, 2025, Meandering Bend, LLC (the "Debtor") filed a *Response to United States Trustee's Motion to Dismiss or Convert Case* (the "Response") at ECF No. 36.

On September 9, 2025, this Court held a hearing on the Motion to Dismiss (the "Hearing") and entered an Order Converting Case to Chapter 7 (the "Order") at ECF No. 56.

On September 23, 2025, Debtor timely filed a *Motion for Reconsideration of the Court's*

*Order Converting Case to a Case under Chapter 7* (the "Motion for Reconsideration") at ECF No. 72.

The Court has carefully considered the Motion for Reconsideration and evaluated whether the Court should reconsider the Order under Federal Rule of Bankruptcy Procedure 9023 or 9024. For the following reasons, the Court finds that the Motion for Reconsideration should be **DENIED.**

## *Introduction*

The Federal Rules of Civil Procedure (the "FRCP") do not specifically provide for motions for reconsideration. *CARBO Ceramics, Inc. v. Bd. of Tax Assessors for Wilkinson Cnty. Ga. (In re CARBO Ceramics, Inc.)*, No. 20-31973, 2024 WL 505159, at *1 (Bankr. S.D. Tex. Feb. 8, 2024); *see Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). A motion for reconsideration "may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *CARBO Ceramics*, 2024 WL 505159 at *1. Those two rules are "made applicable to bankruptcy proceedings under Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively." *Id.*

The Court has analyzed the Motion for Reconsideration under both Federal Rules of Bankruptcy Procedure 9023 and 9024. For the reasons set forth below, the Court finds that Debtor did not satisfy its burden under either Federal Rule of Bankruptcy Procedure 9023 or Federal Rule of Bankruptcy Procedure 9024, such that the Motion for Reconsideration must be denied.

## *Debtor provided no evidence that could satisfy the Rule 9023 standard*

Under FRCP 59(e),[1] amending a judgment is appropriate in three situations:

(1) where there has been an intervening change in the controlling law;
(2) where the movant presents newly discovered evidence that was previously unavailable; or

---

[1] Federal Rule of Bankruptcy Procedure 9023 incorporates Federal Rule of Civil Procedure 59 into bankruptcy proceedings.

(3) to correct a manifest error of law or fact or to prevent manifest injustice.
*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182, 185 (5th Cir. 2012). Furthermore, a motion pursuant to FRCP 59(e) is not appropriate to "raise arguments or claims that could, and should, have been made before the judgment issued." *Id.* at 182.

The Motion for Reconsideration filed by the Debtor cited no intervening change in controlling law and presented no new evidence that was previously unavailable. The Motion for Reconsideration also failed to demonstrate any manifest error of law or fact, or manifest injustice.

The Motion for Reconsideration stated that reconsideration of the Order is warranted "to prevent manifest injustice and prejudice to the Debtor."[2] Debtor asserts that it negotiated a consensual dismissal with the UST and Femrite Group ("Femrite") (collectively with the UST, the "Parties"), where Femrite would not post the real property at issue in this case for sale until December 2025 and Debtor would be barred from refiling for bankruptcy for one (1) year (the "Offer").[3] Debtor claims to have accepted the terms of the Offer, but Debtor alleges that Femrite rescinded the Offer in "bad faith" because Debtor filed *an Emergency Motion to Disqualify Luttrell & Carmody* (the "Motion to Disqualify") at ECF No. 38 after the Offer was made.[4] Debtor claims Femrite had no grounds to repudiate the agreement."[5] Debtor claims the receiver appointed in a state court action, Travis Vargo (the "Receiver"), in "bad faith" tried to impose new terms in the Offer and disrupt the agreement that would have resolved the Motion to Dismiss.[6] Debtor argues it did not present all the facts to the Court due to the physical condition of Debtor's counsel at the time of the hearing and Debtor's reliance on the Offer.[7]

---

[2] ECF No. 72 at 4-5.
[3] *Id*. at 2-3, 5.
[4] *Id*. at 3.
[5] *Id*.
[6] *Id*. at 3, 5.
[7] *Id*. at 4, 5.

Debtor has introduced no evidence of "manifest error of law or fact," or "manifest injustice." At most, the Motion for Reconsideration alleges there were discussions of a possible agreement between the Parties that did not come to fruition. The Motion for Reconsideration presents no evidence that an agreement was finalized into a written agreement. There was no announcement of agreement at the Hearing. The Debtor did not mention any "final" agreement between the Parties at the Hearing, let alone put on any evidence of any such final agreement. When this Court asked whether an agreement had been reached between the parties at the Hearing, Debtor's counsel stated that an agreement had not been reached. Furthermore, even if evidence of an agreement was timely presented, this Court is not bound by an agreement between the Parties and Debtor. This Court clearly stated at the Hearing that the Court must also agree to any agreement between the Debtor and interested parties.

A motion for reconsideration is not appropriate in this case where evidence in relation to the Motion to Dismiss was available at the time of the Hearing but was not offered or admitted to the Court. Debtor plainly states in the Motion for Reconsideration that at the Hearing, "Debtor…did not argue in any detail that it was in compliance and [had] remedied the alleged defects raised in the Motion to Dismiss."[8] Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Elementis Chromium L.P. v. Coastal States Petroleum Co.,* 450 F.3d 607, 610 (5th Cir. 2006). While Debtor suggests that the failure to address the Motion to Dismiss in detail at the Hearing was due to the condition of Debtor's counsel, this contention does not excuse the failure to raise arguments against the Motion to Dismiss that could and should have been presented at the Hearing.

Finally, the Motion for Reconsideration does not change the core facts which supported

---

[8] *Id*. at 5.

the Court's decision that conversion to a chapter 7 case, as opposed to dismissal of the bankruptcy case, was in the best interests of creditors and the estate under 11 U.S.C. § 1112. Debtor's Motion for Reconsideration provides no basis for reconsideration under Rule 9023. Because Debtor failed to establish that any of the three grounds for reconsideration under Rule 9023 apply, the Motion for Reconsideration is **DENIED** to the extent it requests relief under Rule 9023.

***Debtor provided no evidence that could satisfy the Rule 9024 standard.***

FRCP 60(b)[9] provides six reasons upon which a court may relieve a party or legal representative from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60.

As discussed above, Debtor requests that the Court reconsider its Order due to "bad faith" on part of the Femrite and Receiver. Debtor's arguments lack merit under Rule 9024 for the same reasons they lack merit under Rule 9023. The Motion for Reconsideration merely attempts to put forth evidence of an almost-agreement. Even if evidence of the possible agreement between the Parties and Debtor was offered or admitted at the Hearing, any such agreement had not been ultimately reached by the Parties and Debtor. The Motion for Reconsideration argues that Debtor's

---

[9] Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60 into bankruptcy proceedings.

counsel did not put forth evidence against the Motion to Dismiss that was available at the time of the Hearing. Any failure on part of Debtor's counsel to raise arguments against the Motion to Dismiss is not "excusable neglect" under FRCP 60(b)(1).

There are also no "extraordinary circumstances" that would entitle Debtor to relief under FRCP 60(b)(6). *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show "extraordinary circumstances" justifying the reopening of a final judgment.") (citing *Ackermann v. U.S.*, 340 U.S. 193, 199 (1950)). Debtor's counsel was present at the Hearing and stated that no agreement had been reached. This Court conducted an independent analysis and found that converting the bankruptcy case to a chapter 7 case was warranted under 11 U.S.C. § 1112.

The Motion for Reconsideration is therefore **DENIED** to the extent it requests relief under Rule 9024.

**BASED ON THE FOREGOING, IT IS THEREFORE ORDERED** that Debtor's Motion for Reconsideration at ECF No. 72 is **DENIED.**

# # #